IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESSE MALDONADO, | ) |
| Plaintiff, | ) |
| Vs. | ) Case No.  19-cv-312-SPS |
| VIVINT SOLAR, | ) **COMPLAINT** |
| | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

**COMPLAINT**

**I.   INTRODUCTION**

1. This is an action for damages and other relief brought by a consumer pursuant to the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. The FCRA restricts access to consumer credit reports except for specific, statutorily enumerated purposes under 15 U.S.C. §1681b.

2. Defendant Vivint Solar, without notice or permission accessed Plaintiff's consumer reports under false pretenses, without any permissible purpose or authorization.

**II.  JURISDICTION**

3. Jurisdiction arises under the FCRA, 15 U.S.C. §1681p, and 28 U.S.C. §1337.

**III. PARTIES**

4. Plaintiff is Jesse Maldonado, a consumer who resides in Choctaw County, in Soper, Oklahoma.

5. Defendant Vivint Solar is a Delaware corporation with a principal office at 3301 N. Thanksgiving Way, Suite 500, Lehi, Utah.

## IV. STATEMENT OF CLAIM

6. On September 14, 2017, an inquiry was made to the credit bureaus for the credit reports of Jesse Maldonado by a company called Vivint Solar.

7. Jesse Maldonado did not consent to Vivint Solar obtaining his credit reports.

8. Plaintiff never provided any authorization to have his credit reports pulled by Vivint Solar.

9. Pursuant to 15 U.S.C. §1681b, a consumer report can be obtained only for the specific purposes stated thereunder, including for use in connection with a credit transaction that the consumer initiated, a firm credit offer, employment purposes, or a business transaction in which an individual has accepted personal liability for business credit.

10. Vivint Solar never had a permissible purpose to obtain Plaintiff's credit report.

11. Vivint Solar obtained Plaintiff's consumer report under false pretenses to the credit bureaus because Plaintiff never provided authorization for a credit pull, nor sought any extension of credit.

12. Defendant knew or should have known that Plaintiff did not authorize any inquiry into his credit information at any time, nor initiated any credit transaction.

13. Vivint Solar, as a pattern and practice, regularly obtains consumer reports on consumers without a permissible purpose and/or under false pretenses.

14. Consumers across the country have complained to Vivint Solar that Vivint's agents pulled their credit without consent or authorization.

15. Despite ample notice of this problem, Vivint Solar continued to allow its salespeople to routinely invade the privacy of consumers and violate the Act by pulling credit reports without a permissible purpose.

16. As a result of Defendant's willful, wanton, reckless, and/or negligent action, Plaintiff has been damaged.

17. Vivint Solar received and possessed Plaintiff's sensitive and private credit and personal data.

18. The consumer reports obtained by Vivint Solar included a trove of sensitive personal and private information about Plaintiff, such as his birthdate, credit history profile, pay histories, employer information and the like.

19. Plaintiff's privacy has been invaded as a result of the willful, wanton, reckless and/or negligent conduct of Defendant.

20. Plaintiff has lost trust, is suspicious and has been constrained to monitor his credit to prevent unauthorized access to his sensitive credit information.

21. Plaintiff has suffered mental and emotional distress, worry, and aggravation as a result of Defendant's actions.

## COUNT I
## FAIR CREDIT REPORTING ACT

22. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

23. Defendant has violated the Fair Credit Reporting Act by willfully and/or negligently obtaining the Plaintiff's consumer credit reports without a statutorily permissible purpose. 15 U.S.C. § 1681b, 1681q, 1681n and §1681o.

**WHEREFORE,** Plaintiff Jesse Maldonado demands judgment against Defendant Vivint Solar for:

(a) Actual and compensatory damages;

(b) Punitive damages;

(c) A declaration that the conduct complained of violates the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

(d) An Order requiring return of Plaintiff's confidential consumer report and destruction of any copies;

(e) Attorney's fees and costs; and

(f) Such other and further relief as the Court shall deem just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591
**PARAMOUNT LAW**
CONSUMER PROTECTION FIRM
4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
3942@paramount-law.net